UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD THOMAS,<br>　　　　Plaintiff,<br>　　v.<br>INTERNAL REVENUE SERVICE,<br>　　　　Defendant. | Case No. 21-cv-05048-PJH<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br>Re: Dkt. No. 12 |

　　　　Plaintiff, a Texas state prisoner proceeding pro se, filed a civil action against a governmental entity. The court denied the case at screening and plaintiff has filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

　　　　A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

　　　　Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

　　　　A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did

not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Plaintiff sought court intervention in obtaining his economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020).  Plaintiff was advised that he was not entitled to relief to the extent he sought the court to compel the IRS to provide his EIP.  The court in *Scholl* found that the EIP could not be denied only because an individual was incarcerated.  However, the court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP, which is the relief sought in this case.  That responsibility fell to the IRS to make an individual determination.  More importantly, funds cannot now be distributed pursuant to the CARES Act.  The CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed.  That deadline has passed, and no more funds may be issued.

In this motion, plaintiff presents the same arguments from his complaint and has failed to put forth newly discovered evidence or show clear error or an intervening change in the law.  With respect to plaintiff's Equal Protection claim, he has failed to show that he was improperly treated differently than other similarly situated individuals.  Simply that some inmates received EIPs and he did not, without more, is insufficient to present an Equal Protection violation.  Plaintiff's motion (Docket No. 12) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 30, 2021

       /s/ Phyllis J. Hamilton
    PHYLLIS J. HAMILTON
    United States District Judge